RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 09/30/08
BY ____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY WASHINGTON | CIVIL ACTION NOS. 1:02-cv-0752, 1:04-01969 |
| -vs- | JUDGE DRELL |
| JOHN E. POTTER, POSTMASTER | MAGISTRATE JUDGE KIRK |

## RULING

Before us now is a motion by defendants to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging a lack of subject matter jurisdiction. (Doc. 40.) Detailed discourse on this motion is unnecessary because of the clarity found in the administrative record below and documented in the submissions and exhibits made with the motion. However, we have carefully considered the motion in accordance with the standards used in deciding motions under Rule 12(b)(6), in which a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." *Id.* The Fifth Circuit has summarized the standard for deciding such motions as follows:

> Motions to dismiss are viewed with disfavor and are rarely granted. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir.2000). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him

to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted).

*Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

At the outset we note the motion to have contained four bases for action by the court. Recently we learned at the pretrial conference in this case that plaintiff conceded three of these bases and we dismissed certain claims at that time. These were:

1) Dismissal of plaintiff's claims for disability under the Americans with Disabilities Act in suit number 02-752;
2) Dismissal of plaintiff's claims for a hostile working environment in suit number 04-1969; and
3) Dismissal of all of plaintiff's claims for liquidated and punitive damages in suits 02-752 and 04-1969.

Resolution of those issues leaves only a determination to be made regarding the viability of plaintiff's hostile work environment claims in suit number 02-752. Defendant's citations of the applicable law in this area are correct and are accepted here. Put simply, it is correct that a plaintiff in such a case must exhaust administrative remedies before a claim may be brought in court. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.").

The factual matter at issue here is whether such remedies were exhausted regarding the Christmas 1996 telephone calls from co-workers and his being placed "off the clock" from that point until January 8, 1997, when he did not complete his certification for return to work. The answer as to whether these claims were exhausted

in fact is contained in Government exhibits B-1, B-2, and B-4. Reviewing these documents, it is clear that Mr. Washington did not check off or write in "hostile work environment" on his complaint form. However, he DID add an attachment wherein he argued that the phone calls were harassing and upsetting to him and his family. Likewise he set forth the position that his supervisor was short, or at least indifferent to his plight, when he complained soon thereafter. The harassment issue is discussed by the USPS decision of August 28, 2007 but couched only in terms of race discrimination and retaliation.

The decision of the EEOC on his appeal, however, is much broader. Hidden in the middle of the paragraph on page one of Government Exhibit B-4 is the following: "The [Equal Employment Opportunity] Commission also has held that in order to establish a case of harassment that creates a hostile work environment, the harassment of which appellant complains generally must be ongoing and continuous in order to constitute unlawful discrimination." The decision then continues, analyzing the alleged offensive conduct in a totality of the circumstances view. Adding credence to the conclusion that both the phone calls and the failure to allow return to work prior to January 8, 1997, the final USPS decision (Government Exhibit B-5) included both parts of the problem in denying relief to Mr. Washington.[1]

---

[1] Additionally, we note with some curiosity that in a motion for summary judgment Defendant filed contemporaneously with this motion in the same matter, suit 02-752, the government concedes exhaustion of administrative remedies with regard to these two claims: "Plaintiff has exhausted his administrative process with regard to two allegations in the original complaint: the harassing phone calls which he allegedly received, and his being placed 'off the clock.'" (*See* Doc. 41-2, at 6.)

3

For these reasons, we find that, as to these claims, set forth in suit number 02-752, administrative remedies were exhausted and relief on the motion must presently be DENIED.

SIGNED on this 29 day of September, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE